VAN SYOC CHARTERED
Heidi Kopelson, Esquire
401 Kings Highway South, Building 1
Cherry Hill, NJ 08034
(856) 429-6444
Counsel for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MADELYN RODIER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 11-cv-4769 |
| | : | |
| CHICO'S FAS, INC., HEIDI MARGGRAF,: | | |
| LISA SHAFFER, AND JOHN DOES | : | Civil Action |
| 1 THROUGH 15, INCLUSIVE, | : | |
| FICTITIOUS NAMED DEFENDANTS, | : | |
| JOINTLY, SEVERALLY, AND IN THE | : | |
| ALTERNATIVE, | : | |
| | : | |
| Defendants. | : | PLAINTIFF'S BRIEF IN |
| | | OPPOSITION TO DEFENDANTS' |
| | | MOTION FOR SUMMARY |
| | | JUDGMENT |

## STATEMENT OF FACTS

Plaintiff relies upon her Response to Defendants' Statement of Undisputed

Material Facts as set forth at full herein.

## LEGAL ARGUMENT

I.    **THE DEFENDANTS ARE NOT ENTITLED TO SUMMARY JUDGMENT.**

Civ P. 56(c) provides in pertinent part that:

The judgment sought shall be rendered forthwith if the

> pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to a judgment as a matter of law.

See also, Hersh v. Allen Prods Co., 789 F.2d 230, 232 (3d Cir. 1986); Lang v. New York Life Ins. Co., 721 F.2d 118, 119 (3d Cir. 1983). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, (1986). A fact is material only if it might affect the outcome of the suit under the applicable rule of law. Id. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. Id.

In determining whether there is a disputed issue of material fact, the court must view the evidence in favor of the non-moving party by extending any reasonable favorable inference to that party. See, Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080-81 (3d Cir. 1996); Kowalski v. L & F Prods., 82 F.3d 1283, 1288 (3d Cir. 1996); Meyer v. Riegel Products Corp., 720 F.2d 303, 308 n.2 (3d Cir. 1983), cert. dismissed, 465 U.S. 1091 (1984). The nonmoving party creates a genuine issue of material fact if it provides sufficient evidence to allow a reasonable jury to find for him at trial. Anderson v. Liberty Lobby, supra, 477 U.S. at 248. Further, in deciding whether there is a disputed issue of material fact, the court must view the evidence in favor of the nonmoving party by extending any reasonable favorable inference to that party, in other words: "[t]he nonmoving party's evidence is to be believed, and all justifiable inferences, are to be drawn in that party's favor." Hunt v. Cromotive, 526 U.S. 551, 552 (1999), quoting, Anderson v. Liberty Lobby, Inc., supra, 477 U.S. at 255.

In the case at bar, the Defendants are not entitled to summary judgment as the Plaintiff, Madlyn Rodier, has elicited, through discovery in this case, sufficient evidence

to support her claim of age discrimination under the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. 10:5-1 et seq. and from which a reasonable jury can find in her favor at the time of trial. Accordingly, and for the reasons set forth below, the Plaintiff respectfully requests that this Court deny Defendants' Motion for Summary Judgment with prejudice.

II.     **PLAINTIFF'S CLAIM OF AGE DISCRIMINATION UNDER THE LAD SHOULD BE PRESENTED TO A JURY**

    A.   Plaintiff has Presented Direct Evidence of Age Discrimination to Defeat a Motion for Summary Judgment

In the case at bar, Plaintiff has presented credible and direct evidence of age discrimination, namely, Defendant Shaffer's statements regarding age to Plaintiff and in her presence, that entitles Plaintiff to have her case presented to a jury with the burden of persuasion shifted to Defendants to prove that Plaintiff would have been terminated notwithstanding the impermissible consideration of her age. See, McDevitt v. Bill Good Builders, Inc., 175 N.J. 519 (2009). As such, if a Plaintiff comes forth with direct evidence of discrimination, the burden-shifting framework first enunciated in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973), and which only shifts a burden of *production* to Defendants, does not apply and the more onerous burden, that of *persuasion*, is applied to Defendants at trial.[1]

---

[1] The viability of the "mixed-motive" theory in age discrimination cases under the New Jersey Law Against Discrimination was called into question after the United States Supreme Court's decision in Gross v. FBL Financial Services, Inc. 557 U.S. 167, 173 (2009), which held that a mixed-motives age discrimination claim is inapplicable to claims under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. Section 621 et seq. However, the use of the mixed-motive analysis which shifts the burden of persuasion at trial to a Defendant when Plaintiff has produced direct evidence of age discrimination under the LAD, remains viable. See, O'Brien v. Telcordia Technologies, Inc., 420 N.J. Super. 256, 264-65 (2011).

In determining whether a plaintiff has presented direct evidence of discrimination, "a court must consider whether a statement made by a decision maker associated with the decision making process actually bore on the employment decision at issue and communicated proscribed animus." A.D.P., v. Exxon Mobil Research and Engineering Co.,, 428 N.J. Super. 518, 533-34 (App. Div. 2012) citing, McDevitt, 175 N.J. at 528 (quoting Fakete v. Aetna, Inc., 308 F.3d 335, 339 (3d Cir. 2002)). Such proof is established by evidence "of conduct or statements by persons involved in the decision making process that may be viewed as directly reflecting the alleged discriminatory attitude." Fleming v. Cor. Healthcare Solutions, Inc., 164 N.J.90, 101 (2000). To this end, "the emphasis is upon the quality of proofs, rather than their nature as direct or circumstantial evidence." A.D.P., 428 N.J. Super. at 534. See, Bergen Commerical Bank v. Sisler, 157 N.J. 188, 208-09 (1999) (finding that "a scrap of paper saying "Fire Rollines—she is too old" was an example of direct evidence); see also, McDevitt, 175 N.J. at 523(finding that the proffered evidence that an employer's president nodded his head when his secretary was asked why plaintiff had been fired and answered that he was "too old" would constitute direct evidence of discrimination).

In the instant case, Plaintiff testified that on several of Defendant Shaffer's visits to the Pier store, she made comments that the staff needed to be "younger and more energetic" (See Exhibit "B" annexed to Plaintiff's Counsel's Certification at pages 27:20 to 29:18)  that the "staff was old and needed to be younger and peppier" (see Exhibit "B" at pages 32:7 to 20), that there needed to be "younger energy" in the store (see Exhibit "B" at pages 33:2 -9), that she was directed to recruit "some younger and more energetic individuals" to the Pier store (see Exhibit "B" at pages 34:6-8) and that on one of her

visits she told Plaintiff that she must "lose the stockings" and "look younger"(see Exhibit "B" at pages 37:10-17).  Plaintiff also testified that on or about July 10, 2009, the day on which Defendant Shaffer told her that she was incapable of running the Pier store, that "she (the Plaintiff) was not "going to make it" that Plaintiff could "leave her position at any time or "stick it out until the end", she asked Defendant Shaffer whether the motivation behind the adverse employment action was Plaintiff's age, to which question Defendant Shaffer was silent.  (See Exhibit "B" at pages 167:10-170:25; 173:2 to 175:19).

The above statements by Defendant Shaffer not only demonstrate her hostility towards members of Plaintiff's class, "older" individuals, but also evidence a direct casual connection between the demonstrated hostility and the challenged employment decision.  See, Bergen Commercial Bank, 157 N.J. at 208; see also, McDevitt, 175 N.J. at 528.  It is crystal clear, by the direct import of Defendant Shaffer's statements to Plaintiff, that she wanted to infuse the Pier store with "younger" and "more energetic" individuals and that Shaffer's hostility towards older women bore directly on her actions in placing Plaintiff on a corrective action plan with goals and objectives which she was aware that Plaintiff would never be able to meet, in a orchestrated effort to cause Plaintiff to leave the Company.  A reasonable jury could find that Shaffer's statements were direct warnings to Plaintiff that she was too old to work for Shaffer and Chico's and that she would be fired if she did not leave Chico's on her own initiative.  See e.g., Rose v. N.Y. City Bd. of Educ., 257 F.3d 156, 158 (2d Cir. 2001) (holding that supervisor's statements, several months before he demoted employee, that he might replace her with someone "younger and cheaper" were sufficient to shift the burden of persuasion).  Here,

Shaffer's statements to Plaintiff told her in a clear and direct way that Shaffer viewed her as a less desirable employee because of her "age." Moreover, these statements cannot be seen as "stray" comments because they were directly related to the decision-making process. See, Ezold v. Wolf, Block, Schorr & Solis-Cohen, 983 F.2d 509, 545 (3d Cir. 1992)

     B.   Alternately, Plaintiff Can Establish a *Prima Facie* Case of Age Discrimination

        (1) Plaintiff Established that the Second Prong of the *Prima Facie* test

In order to combat the difficulty of proving discriminatory intent when there is no direct evidence of the same (there is direct evidence of discrimination in this case), New Jersey has adopted the procedural burden-shifting framework in McDonnell Douglas Corp., 173 N.J. at 13-14. This framework allows a plaintiff to make her case through circumstantial evidence. Zive v. Stanley Roberts, Inc., 182 N.J. 436, 447 (2005). "The evidentiary burden at the *prima facie* stage is "rather modest: it is to demonstrate to the court that plaintiff's factual scenario is compatible with discriminatory intent—i.e., that, discrimination *could* be a reason for the employer's action." Zive, supra, 182 N.J. at 447, quoting, Marzano v. Computer Sci. Corp., 91 F.3d 497, 508 (3d Cir. 1996).

Defendants incorrectly identify the second element of a *prima facie* case of age discrimination under the LAD; it is not, whether Plaintiff's job performance met Chico's legitimate expectations but rather, whether Plaintiff "was performing the job prior to the termination." Zive, 182 N.J. at 455. As the Zive court announced:

> Along with the remaining prongs of the *prima facie* case, that evidence is sufficient to support the conclusion that the plaintiff's claim of discrimination is plausible enough to warrant promotion to the next step of the *McDonnell Douglas* test. That is not a heavy burden nor was it meant to be. Indeed, the opposite conclusion would have the effect of precluding the cases in which poor

performance contributed to but was not the determinative factor in the termination decision. Id. at 455.

As the Zive court further highlighted in relation to the second prong of the *prima facie* test, "only the plaintiff's evidence should be considered. That evidence can come from records documenting the plaintiff's longevity in the position at issue or from testimony from the plaintiff's or others that she had, in fact, been working within the title from which she was terminated." Id. at 455. Further, "[b]ecause performance markers like poor evaluations are more properly debated in the second and third stages of the burden-shifting test, they do not come into play as part of the second prong of the *prima facie* case." Id,, citing, Greenberg v. Camden Vocational & Technical Schools, 310 N.J. Super. 189, 202 (App. Div 1998). Of additional significance is that "even if a plaintiff candidly acknowledges, on his own case, that some performance issues have arisen, so long as he adduces evidence that he has, in fact, performed in the position up to the time of termination, the slight burden of the second prong is satisfied." Zive, 182 N.J. at 455.

It is crystal clear that Plaintiff has satisfied the slight burden of the second prong of the *prima facie* test as she was performing in her position as the Store Manager for Store 550 at the time of her termination. As such, Plaintiff's performance evaluations do not come into play at this stage of the burden shifting test. Id. at 455.

(2) Plaintiff was Constructively Discharged from her Position and Therefore, has Met the Third Prong of the *Prima Facie* Test

An objective test is employed to determine whether an employee can recover on a claim of constructive discharge and thus, suffered an adverse employment action under the third prong of the *prima facie* test. Connors v. Chrysler Fin. Corp., 160 F.3d 971, 974 (3d Cir. 1998). Specifically, a court must determine "whether a reasonable jury could

find that the [employer] permitted conditions so unpleasant or difficult that a reasonable person would have felt compelled to resign." Id.

In Clowes v. Allegheny Valley Hospital, 991 F.2d 1159, 1161 (3d Cir. 1993), the Third Circuit listed several factors to be analyzed to determine whether a constructive discharge claim is cognizable.  These include the employer threatening to fire the employee, encouraging the employee to resign from her position or involuntarily transferring the employee to a less desirable position.  Id.

In Levendos v. Stern Entertainment, 860 F.2d 1227, 1228 (3d Cir. 1988), the court held that several incidents of discriminatory conduct were legally sufficient to raise the issue of constructive discharge.  Namely, the Levandos plaintiff filed an affidavit stating among other things that: (1) the general manager of the restaurant boasted that she "would not be there long"; (2) the owner asked an employee to find a man to replace the plaintiff; and (3) she did not fit the mold of a maitred'hotel because she was a woman. Id.  The Third Circuit reversed the District Court and held that the record "contained more than a scrap of evidentiary material,…from which a fact-finder could infer that conditions at the restaurant were so intolerable that a matire'd  of reasonable sensitivity would be forced to resign," and that plaintiff's affidavit alone was sufficient to defeat summary judgment.  Id. at 1231 & n.7.

Here, Plaintiff testified that Defendant Shaffer told her that she was not going to make it, that she could leave her position at anytime and that she would consider her for a demotion to an assistant store manager.  When Plaintiff asked Shaffer to memorialize her representations to her, she refused to do so.  (See Exhibit "B" annexed to Plaintiff's Counsel's Certification at page 173:4-15).  Plaintiff's testimony alone is analogous to the

facts in Clowes, supra, at 1161 which suggest constructive discharge.

Moreover, Plaintiff testified to the demoralizing, humiliating and discriminatory conduct and comments made to her and/or in her presence by Defendants Shaffer and Marggraf about wanting to infuse the work environment with younger, more energetic and stylish managers, which created a work environment so intolerable that a store manager in plaintiff's position would be forced to resign. In the proverbial sense, Plaintiff saw the writing on the wall and left her employment to spare herself what little dignity and pride she had left.  Such evidence is sufficient to go the jury on plaintiff's constructive discharge claim and therefore, survive summary judgment.

(3) Plaintiff has Established an Inference of Age Discrimination

The establishment of the *prima facie* case creates an inference of discrimination. Zive, at 449, quoting, Furnco Construc. Corp. v. Waters, 438 U.S. 567, 577 (1978), and at that point, the matter moves to the second stage of *McDonnell Douglas,* when the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for the employer's action. Zive at 440. citing, Clowes, supra, 109 N.J. at 596.

For purposes of the within motion and under the McDonnell Douglas burden shifting analysis only, Plaintiff concedes that Defendants have articulated a legitimate nondiscriminatory reason for its adverse employment actions against Plaintiff by producing evidence that Store 550 was not performing well.  Nevertheless, Plaintiff contends that she has produced evidence sufficient for a jury to find that the legitimate reasons offered by the defendants were not its true reasons, but were a pretext for discrimination and that the employer was motivated by a discriminatory intent. Zive, at 450.

(4) <u>Defendants' Articulated Legitimate Business Reasons for Placing Plaintiff on Corrective Action and Otherwise Taking Adverse Employment Action Against Here are Pretextual.</u>

If the Plaintiff succeeds in establishing the three (3) elements of a *prima facie* case of gender discrimination under the LAD, then the burden shifts to the defendant to advance a legitimate, nondiscriminatory reason for making the adverse employment decision. <u>McDonnell Douglas</u>, <u>supra</u>, 411 U,.S. at 805; <u>Fuentes v. Perskie</u>, 32 F.3d 759, 764 (3d Cir. 1994). Once the defendants has proffered such a reason, the plaintiff must raise an issue of fact regarding whether the defendant's proffered explanation is pretextual or whether discrimination was more likely than not a determinative factor in the adverse employment decision. <u>Fuentes v. Perskie</u>, 32 F.3d at 764.

The <u>Fuentes</u> court found that a plaintiff can defeat summary judgment after the defendant answers the plaintiff's prima face case with legitimate, non-discriminatory reasons for its action, by pointing to some evidence, direct or circumstantial, from which a factfinder could reasonably either: (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action. <u>Id</u>. at 764. If the plaintiff has pointed to evidence that sufficiently discredits the defendant's proffered reasons, to survive summary judgment, the plaintiff need not also come forward with additional evidence of discrimination beyond his or her prima facie case. <u>Id</u>.

The <u>Fuentes</u> court also considered the quantum of evidence required by a plaintiff to avoid summary judgment. <u>Id</u>. "To avoid summary judgment, the plaintiff's evidence rebutting the employer's proffered legitimate reasons must allow a factfinder to reasonably to infer that each of the employer's proffered non-discriminatory reasons was

either a *post hoc* fabrication or otherwise did not actually motivate the employment action (that is, the proffered reason is a pretext)." Id. at 764.

It was further emphasized by the <u>Fuentes</u> court that:

> We do not hold that, to avoid summary judgment, the plaintiff must case doubt on each proffered reasons in a vacuum.  If the defendant proffers a bagful of legitimate reasons, and the plaintiff manages to cast substantial doubt on a fair number of them, the plaintiff may not need to discredit the remainder.  That is because the court's rejection of some of the defendant's proffered reasons may impede the employer's credibility seriously enough so that a factfinder may rationally disbelieve the remaining proffered reasons, even if no evidence undermining those remaining rationales in particular is available.

Id. at 764, n.4.

An alternative way to establish pretext is for the plaintiff to demonstrate such weaknesses, implausibilities, inconsistencies, incoherence, or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable factfinder could rationally find them unworthy of credence." <u>Keller v. Ortix Credit Alliance, Inc.</u>, 130 F.3d 1101, 1108-09 (3rd Cir. 1997).  In order to establish pretext by utilizing this second method, the plaintiff must present evidence that transcends the assertion that the employer's proffered reason was wrong, but rather, that it was "so plainly wrong that it cannot have been the employer's real reason." <u>Id.</u> at 1109.  The plaintiff must present evidence from which a factfinder could determine that the real reason for the adverse employment action was discrimination.  <u>Id.</u>

In <u>Goosby v. Johnson & Johnson Medical, Inc.</u>, 228 F.3d 313 (3rd Cir. 2000), the Court noted that while a "plaintiff cannot ultimately prove discrimination merely because his/her employer relied upon highly subjective qualities (i.e., "drive" or "enthusiasm") in making an employment decision", nevertheless, "cloaking such criteria with an appearance of objectivity does not immunize an employment decision from a claim of

11

discrimination." Goosby, 228 F.3d at 321.

      In the case at bar, Plaintiff has presented credible evidence to cast sufficient doubt that Defendants' articulated explanations for placing her on corrective action by forcing her to leave are pretextual and that more likely than not, a motivating cause of Defendants' actions was to discriminate against Plaintiff based on her age.

      First, Defendants assert that Plaintiff's evidence of pretext is based on Plaintiff's speculation and mere conclusory allegations. Defendants' have clearly misrepresented and mischaracterized Plaintiff's testimony in this regard. Plaintiff in a very clear and direct manner testified that Shaffer commented on several occasions when she visited the Pier store, that the staff needed to be "younger and more energetic" (See Exhibit "B" annexed to Plaintiff's Counsel's Certification at pages 27:20 to 29:18) that the "staff was old and needed to be younger and peppier" (See Exhibit "B" at pages 32:7 to 20), that there needed to be "younger energy" in the store (see Exhibit "B" at pages 33:2 -9), that she was directed to recruit "some younger and more energetic individuals" to the Pier store (see Exhibit "B" at pages 34:6-8) and that on one of her visits she told Plaintif that she must "lose the stockings" and "look younger"(see Exhibit "B" at pages 37:10-17). Plaintiff also testified that on or about July 10, 2009, the day on which Defendant Schaffer told her that she was incapable of running the Pier store, that "she (the Plaintiff) was not "going to make it" that Plaintiff could "leave her position at any time or "stick it out until the end", she asked Defendant Schaffer whether the motivation behind the adverse employment action was Plaintiff's age, to which question Defendant Schaffer was silent. (See Exhibit "B" at pages 167:10-170:25; 173:2 to 175:19). Plaintiff's testimony in this regard does not represent "feelings" and "speculation" but concrete

evidence from which a jury could determine that Defendants' actions in placing her on a correction action plan from which she was clearly not going to be able to recover, were motivated by a discriminatory animus based on her age.

Two, Defendants' alleged reasons for placing her on a corrective action plan, namely, that Store 550 was not performing well, despite the undisputed and overwhelming evidence in this case that Store 550 was doomed to fail and did in fact fail after Plaintiff's departure from Chico's due to the struggling economy in Atlantic City and the steady downfall of the Pier Mall as a whole, all of which was out of Plaintiff's control, lead to the likely conclusion that Defendants' articulated legitimate, nondiscriminatory reasons for placing Plaintiff on corrective action are pretextual.  See, Bray v. Marriott Hotels a/k/a Marriott Corp., 110 F.3d 986, 991 ((3d Cir. 1997)(finding that just as "[a] play cannot be understood on the basis of some of its scenes but only on its entire performance...a discrimination analysis must concentrate not on individual incidents, but on the overall scenario.").  In this case, while each individual incident, each counseling and/or corrective action provided to Plaintiff by Shaffer, may not lead a jury to conclude that the actions taken by Defendants were orchestrated to intentionally discrimination against Plaintiff because of her age, when the overall scenario is scrutinized, a likely conclusion is that Defendants' articulate legitimate, discriminatory reasons for Defendants' adverse employment actions against Plaintiff are pretextual. For instance, a jury should be able to consider why plaintiff, who had demonstrated her strong abilities as a store manager prior to being assigned to the Pier store, was not transferred to another Chico's store when the Pier store was failing due to the economy and its location in the Pier Mall.

Three, when Plaintiff's entire employment history at Chico's is viewed, namely, the fact that she was touted by DeAngelis, the prior District Store Manager, as being DSM material, being groomed for that promotional position, being praised for her outstanding sales performance by customers and and supervisors and for her ability to "drive results" and for her "integrity" and "trust", it becomes unbelievable that such an employee could then be told by the her supervisor, Shaffer, that she is never going to succeed with the Company and that her performance is woefully inadequate. In other words, Plaintiff, almost overnight, went from being an exemplary employee who was climbing the corporate ladder to an employee who was not able to run a single store effectively or for that matter someone for whom Chico's could find a suitable position in its organization. Put simply, this is evidence of pretext from which a jury could reasonably believe that Chico's, by and through its representatives, Shaffer and Margraff, wanted Plaintiff out because she was too old and therefore, did not have the right look and style for Chico's.

Lastly, and certainly not least significant, is the fact that Defendants initially replaced Plaintiff with a younger employee. Ultimately, while this individual left after only a short while, and was thereafter allegedly replaced by an older employee, the fact still remains that Plaintiff's replacement was a younger employer. The jury is certainly entitled to consider whether Defendants' mindset was to force Plaintiff to leave so that she could be replaced by a younger store manager, someone who they viewed as more appropriately suited for the position because of her age. Plaintiff's have set forth credible evidence to establish pretext and therefore, her claim of age discrimination under the LAD should go to a jury.

## CONCLUSION

Based on the foregoing, it is respectfully requested that Defendants' Motion for

Summary Judgment should be denied with prejudice.

Respectfully submitted,

By: _____
HEIDI R. KOPELSON

Dated: 4/29/13

VAN SYOC CHARTERED
Heidi Kopelson, Esquire
401 Kings Highway South, Building 1
Cherry Hill, NJ 08034
(856) 429-6444
Counsel for Plaintiff


UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MADELYN RODIER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 11-cv-4769 |
| | : | |
| CHICO'S FAS, INC., HEIDI MARGGRAF, | : | Civil Action |
| LISA SCHAFFER, AND JOHN DOES | : | |
| 1 THROUGH 15, INCLUSIVE, | : | |
| FICTITIOUS NAMED DEFENDANTS, | : | |
| JOINTLY, SEVERALLY, AND IN THE | : | |
| ALTERNATIVE, | : | |
| | : | |
| Defendants. | : | CERTIFICATE OF SERVICE |

Michelle Carney hereby certifies as follows:

1. I am the Office Manager of Van Syoc Chartered, counsel for the plaintiff.

2. On the 29th day of April, 2013, I sent via e-mail a copy of the within Response to Defendants Statement of Undisputed Facts, Brief in Opposition to Motion for Summary Judgment, and Certification of Counsel to Michael J. Tiliakos, Esquire, attorney for defendants, to MTiliakos@duanemorris.com.

I hereby certify under penalty of perjury that the foregoing statements made by me

are true.  I am aware that if any of the foregoing statements made by me are willfully

false, I am subject to punishment.

MICHELLE CARNEY

DATED: 4/29/13