UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MADELYN RODIER,<br><br>    Plaintiff,<br><br>v.<br><br>CHICO'S FAS, INC., HEIDI MARGGRAF, LISA SCHAFFER, AND JOHN DOES 1 THROUGH 15, inclusive, fictitious named defendants, jointly, severally, and in the alternative,<br><br>    Defendants. | Case No. 1:11-cv-04769 (RBK) (AMW)<br><br>(Document Electronically Filed)<br><br>Return Date: May 20, 2013<br><br>ORAL ARGUMENT REQUESTED |

# DEFENDANTS CHICO'S FAS, INC., HEIDI MARGGRAF, AND LISA SHAFFER'S REPLY BRIEF SUPPORTING THEIR MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT

Dated: New York, New York
     May 13, 2013

       Anthony J. Rao (Admitted Pro Hac Vice)
       Michael Tiliakos

DUANE MORRIS LLP
1540 Broadway
New York, New York 10036
(212) 692-1000

Attorneys for Defendants CHICO'S FAS, INC., HEIDI MARGGRAF,
AND LISA SHAFFER

# **TABLE OF CONTENTS**

I. ARGUMENT ..............................................................................................................1

    A. PLAINTIFF PRESENTS NO EVIDENCE OR ARGUMENT SUPPORTING HER CLAIMS FOR HARASSMENT, NJLAD RETALIATION, INDIVIDUAL DISCRIMINATION AGAINST SHAFFER AND MARGGRAF, AND PUNITIVE DAMAGES ..............................................................................................................1

    B. PLAINTIFF'S AGE DISCRIMINATION CLAIM MUST BE DISMISSED ...............2

        1. There Is No Direct Evidence Of Age Discrimination................................2

        2. Plaintiff Cannot Establish The Third And Fourth Prongs Of Her Prima Facie Case Using Circumstantial Evidence........................................5

            a) Plaintiff Was Not Constructively Terminated ...............................6

            b) Plaintiff Was Replaced By Someone Near Her Age .....................11

        3. There Is No Inference Of Age Discrimination Or Pretext..........................11

            a) Plaintiff's Reliance On Speculation And Conclusions Dooms Her Pretext Arguments ........................................................................11

            b) Plaintiff's Opposition Does Not Address Stray Remarks Or Similarly Situated Employees........................................................14

II. CONCLUSION........................................................................................................15

# TABLE OF AUTHORITIES

**Cases**

Bergen Commer. Bank v. Sisler, 157 N.J. 188, 723 A.2d 944 (1999)....................2-3

Boykins v. Lucent Techs., Inc., 78 F. Supp. 2d 402 (E.D. Pa. 2000) ...................... 13

Brokenbaugh v. Exel Logistics N. Am., 174 Fed. Appx. 39 (3d Cir. 2006) .......... 15

Burlington Indus. v. Ellerth, 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998) ............................................................................................................... 8

Castle v. Sangamo Weston, Inc., 837 F.2d 1550 (11th Cir.1988) ........................... 5

Centeno v. Macy's Corporate Services, Inc., No. 07-CV-1199 (RMB), 2008 WL 2684578 (D.N.J. June 30, 2008) ................................................................ 14

Clegg v. Falcon Plastics, Inc., et al., 174 Fed. Appx. 18 (3d Cir.2006) .................... 7

Clowes v. Allegheny Valley Hosp., 991 F.2d 1159 (3d Cir. 1993).................6-8, 10

Cole v. Illinois, 562 F.3d 812 (7th Cir. 2009)........................................................... 8

Conoshenti v. Public Serv. Elec. & Gas, 364 F.3d 135 (3d Cir. 2004) ..................... 1

Duffy v. Paper Magic, Group, Inc., 265 F.3d 163 (3d Cir. 2001) ............................ 6

Ezold v. Wolf, Block, Schorr & Solis-Cohen, 983 F.2d 509 (3d Cir. 1992).......... 15

Geltzer v. Virtua West Jersey Health Systems, 804 F.Supp.2d 241 (D.N.J., 2011).........................................................................................................2, 4-5

Givens v. Cingular Wireless, 396 F.3d 998 (8th Cir. 2005) ..................................... 8

Gross v. FBL Financial Services, Inc., 557 U.S. 167, 129 S.Ct. 2343, 174 L.Ed. 2d 119 (2009) ............................................................................................ 2

Haynes v. Level 3 Communications, LLC, 456 F.3d 1215 (10th Cir. 2006) ........... 8

Jordan v. AllGroup, 218 F. Supp. 2d 643 (D.N.J. 2002), aff'd, 95 Fed. Appx. 462 (3d Cir. 2004) ............................................................................................ 13

Kremp v. Wachovia Bank, N.A., 2010 WL 4004481 (D.N.J., 2010)................14-15

Lincoln v. Momentum Sys. Ltd., 86 F.Supp.2d 421 (D.N.J.2000) .......................... 15

McDevitt v. Bill Good Builders, Inc., 175 N.J. 519 (2003) ........................................ 4

Price Waterhouse v. Hopkins, 490 U.S. 228, 109 S.Ct. 1775 (1989) ........................ 5

Silvestre v. Bell Atl. Corp., 973 F. Supp. 475 (D.N.J. 1997), aff'd, 156 F.3d
    1225 (3d Cir. 1998) ................................................................................................ 13

State v. Briggs, 279 N.J.Super. 555, 653 A.2d 1139 (App.Div.), certif.
    denied, 141 N.J. 99, 660 A.2d 1198 (1995) ............................................................ 4

Swingle v. Novo Nordisk, Inc., No. 08–1186(JAP), 2009 WL 2778106
    (D.N.J. 2009) ............................................................................................................ 6

Warner v. Fed. Express Corp., 174 F. Supp. 2d 215 (D.N.J. 2001) ........................ 12

Zive v. Stanley Roberts, Inc., 182 N.J. 436 (2005) .................................................... 6

**Other Authorities**

Civ.R. 7.2 ............................................................................................................... 3-4

Civil Rule 56.1 .......................................................................................................... 1

Fed. R. Civ. P. 56 (c)(4) ........................................................................................... 1

Fed.R.Civ.P. 56(e) ................................................................................................ 1, 11

Fed. R. Evid. 901(a) ................................................................................................. 1

Rule 56(c) of the Federal Rules of Civil Procedure ................................................. 1

Rules, Comment 2 .................................................................................................... 4

## I. ARGUMENT[1]

### A. PLAINTIFF PRESENTS NO EVIDENCE OR ARGUMENT SUPPORTING HER CLAIMS FOR HARASSMENT, NJLAD RETALIATION, INDIVIDUAL DISCRIMINATION AGAINST SHAFFER AND MARGGRAF, AND PUNITIVE DAMAGES

Plaintiff fails to oppose Defendants' summary judgment motion to dismiss her claims for hostile work environment based on age, New Jersey Law Against Discrimination ("NJLAD") retaliation, age discrimination against Shaffer and Marggraf based on aider or abettor liability, and punitive damages (as well as Defendants' argument that vicarious liability for punitive damages must be cut off). Plaintiff's failure to address Defendants' arguments as required by Rule 56(c) of the Federal Rules of Civil Procedure permits the Court to grant summary judgment as to these claims (since Defendants' moving papers establish that dismissal is warranted), or rule that Defendants' material facts applicable to these claims are undisputed and deemed admitted. Fed.R.Civ.P. 56(e).[2]

---

[1] Plaintiff's opposition to Defendant's motion for summary judgment is cited as "Pl. Opp." Defendants' statement of material facts is cited as "56.1." Plaintiff's purported additional fact(s) is cited as "Pl. 56.1." One new material undisputed material fact from Defendants is cited as "A56.1." As set forth in the 56.1 reply and objections to evidence, Plaintiff attempts to introduce several inadmissible documents and other purported facts which should not be considered by this Court. Fed. R. Civ. P. 56 (c)(4); Fed. R. Evid. 901(a).

[2] See, Conoshenti v. Public Serv. Elec. & Gas, 364 F.3d 135, 145–46 (3d Cir. 2004). ("'… the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case.'"); Local Civil Rule 56.1 ("… any material

1

### B. PLAINTIFF'S AGE DISCRIMINATION CLAIM MUST BE DISMISSED

#### 1. There Is No Direct Evidence Of Age Discrimination

To establish a claim for age discrimination under the NJLAD, Plaintiff must "show that the prohibited consideration [age,] played a role in the decision making process and that it had a *determinative influence* on the outcome of that process." Bergen Commer. Bank v. Sisler, 157 N.J. 188, 207-208, 723 A.2d 944 (1999) (emphasis added).[3] Because Plaintiff attempts to prove age discrimination by "direct evidence" (thereby affecting presumptions), she must show "direct evidence that *decisionmakers* placed *substantial* negative reliance on an illegitimate criterion" [age] in deciding to terminate [her] employment." Sisler, at 207-208 (citations omitted). Plaintiff must satisfy a "*rigorous*" standard and demonstrate not only a *hostility* toward members of her class, but also a *direct causal connection* between that hostility and the challenged employment decision.

---

fact not disputed shall be deemed undisputed for purposes of the summary judgment motion").

[3] In Gross v. FBL Financial Services, Inc., 557 U.S. 167, 129 S.Ct. 2343, 2352, 174 L.Ed. 2d 119 (2009), the Supreme Court held a plaintiff bringing a disparate-treatment claim pursuant to the ADEA must prove, by a preponderance of the evidence, that age was the *'but-for'* cause of the challenged adverse employment action. In Geltzer v. Virtua West Jersey Health Systems, 804 F.Supp.2d 241 (D.N.J., 2011) (employer summary judgment granted against NJLAD age discrimination claim), the Court stated: "the New Jersey Supreme Court has not yet addressed whether *Gross's* holding will apply to direct evidence age discrimination claims under the LAD. Currently, [Bergen Commer. Bank v. Sisler, 157 N.J. 188, 210–11, 723 A.2d 944 (1999)] controls." Id., at 250.

2

Id. (citations omitted, emphasis added).

Plaintiff's assertion that she has direct evidence of age discrimination falls flat. First, it is undisputed that Plaintiff "can't remember the exact terminology" and is "paraphrasing." (56.1 ¶ 57). Second, Plaintiff's purported "direct evidence" consists entirely of the following: (1) on "several" of Shaffer's visits to the Pier store, she made comments that the *staff* needed to be "younger and more energetic" (56.1 ¶ 56) (two to three times); (2) the "*staff* was old and needed to be younger and peppier";[4] (3) that there needed to be "younger energy" *in the store* (indistinguishable from 56.1 ¶ 56); (4) that she was directed to recruit "some younger and more energetic individuals" (indistinguishable from 56.1 ¶ 56); (5) that on one of her visits she told Plaintiff she must "lose the stockings" and "look younger";[5] and (6) after Shaffer told her that she "wasn't going to make it" (56.1 ¶ 48), Plaintiff asked Shaffer whether the "motivation behind the adverse employment action was motivated by Plaintiff's age, to which question Shaffer was silent."[6]

---

[4] Plaintiff did not so testify, rather she testified: Q. ... She said "the staff is too old"? A. To the best of my -- I'm paraphrasing. I'm -- I -- you know, I don't know that she -- she made reference to the staff being older.
[5] Plaintiff did not so testify, rather Plaintiff testified: Q. ... did Ms. Schaffer say "you need to look younger"? A. I need to -- I needed to change my outfit. Q. And you inferred from that to look younger? A. Yes.
[6] There is no evidence supporting this purported "fact." "L.Civ.R. 7.2 reflects the strongly-held position ... that there should be a clear and inviolable line drawn between straightforward factual submissions ... and legal and factual argument

3

Plaintiff cites McDevitt v. Bill Good Builders, Inc., 175 N.J. 519 (2003) in support of some unasserted argument that Shaffer's alleged silence is somehow direct evidence of discrimination. In *McDevitt,* an employer's *president nodded his head* when his secretary was asked why plaintiff had been fired and answered that he was "too old." McDevitt, 175 N.J. at 523. *McDevitt* stated a hearsay statement (under state not federal law applicable here) qualifies as an adoptive admission if: (1) the party to be charged is *aware of and understands* the content of the statement allegedly adopted, and (2) it must be clear that the party to be charged with the adoptive admission *"unambiguously assented" to the statement.* State v. Briggs, 279 N.J.Super. 555, 563, 653 A.2d 1139 (App.Div.), certif. denied, 141 N.J. 99, 660 A.2d 1198 (1995). Plaintiff proffers no evidence satisfying these two elements (and no evidence exists since Shaffer said nothing), and as such, there can be no adoptive admission supporting Plaintiff's direct evidence argument.

The other "younger" "energetic" and "peppier" comments relate to Plaintiff's *staff* – they are not directed *at Plaintiff.* In Geltzer v. Virtua West Jersey Health Systems, 804 F.Supp.2d 241 (D.N.J., 2011) (employer summary judgment granted against NJLAD age discrimination claim), a supervisor's comment that

---

more appropriately reserved for a brief ..." See Allyn Z. Lite, New Jersey Federal Practice Rules, Comment 2 to L.Civ.R. 7.2 (2010 ed.). Plaintiff did not so testify, rather she testified: Q. ... After this meeting that you were having with Ms. Schaffer, did she make any age-based comments? A. I asked her, because I really felt this was -- like I said, this was because of my age. She didn't answer.

4

plaintiff "… was getting old" was held to be *insufficient* to support a finding that age was a *substantial factor* for any adverse employment decisions because, like here, it was made outside the decisional process.  Plaintiff proffers no evidence that some action was at all connected to any belief about Plaintiff's age, or that the statements were "direct warnings" to Plaintiff that she was too old to work for Chico's and that she would be fired if she did not leave on her own initiative." (Pl. Opp., p. 5).[7]  These are stray remarks which can – at best – be characterized as circumstantial rather than direct evidence of alleged discrimination.[8]  Because there is no direct evidence, the Court must make further inferential leaps using the circumstantial evidence standard to find a discriminatory motive, if any.[9]

### 2. Plaintiff Cannot Establish The Third And Fourth Prongs Of Her Prima Facie Case Using Circumstantial Evidence

To establish a *prima facie* case of discrimination under the NJLAD, Plaintiff

---

[7] There is no evidence that Shaffer made any age comments directed at Plaintiff, much less told Plaintiff she was too old as in Geltzer (which was insufficient).

[8] See, Price Waterhouse v. Hopkins, 490 U.S. 228, 277, 109 S.Ct. 1775, 1804 (1989) (stray remarks in the workplace, unrelated to decisional process, are not direct evidence of discrimination); Castle v. Sangamo Weston, Inc., 837 F.2d 1550, 1553, 1558 n. 13 (11th Cir.1988) (characterizing as circumstantial evidence employer's commenting "everyone over 35 should be sacked" and referring to older employees as "little old ladies" and "old cows," – contrasting with example of direct evidence: "a scrap of paper saying, 'Fire Rollins—she is too old.' ").

[9] Assuming Plaintiff satisfies the above "rigorous burden," Chico's (via summary judgment) may prove it would have made the same decision even in the absence of the impermissible consideration. See Price Waterhouse, at 242. Under the "mixed-motive" analysis, while an employer may not take age into account, it is free to act for "other reasons." Id. at 244–45.  For the sake of brevity, Defendants incorporate as if fully set forth herein the arguments set forth in section 3, infra.

5

must prove she: (1) belongs to a protected class, (2) was performing in the position from which she was terminated, (3) nevertheless was fired, and (4) was replaced. Zive v. Stanley Roberts, Inc., 182 N.J. 436 (2005). For purposes of this Reply, Defendants concede Plaintiff is in a protected group and was performing her job prior to the alleged constructive termination. However, Plaintiff cannot establish that she was constructively terminated, and she failed to oppose Defendants' argument that she was replaced by someone near her age.

        a)     Plaintiff Was Not Constructively Terminated

The Court must determine "whether a reasonable [factfinder] could find that the [employer] permitted conditions so unpleasant or difficult that a reasonable person would have felt compelled to resign." Duffy v. Paper Magic, Group, Inc., 265 F.3d 163, 167 (3d Cir. 2001). "The constructive discharge standard envisions working conditions that are 'outrageous, coercive and unconscionable' and requires conduct more egregious than necessary to satisfy a hostile work environment claim." Swingle v. Novo Nordisk, Inc., No. 08–1186(JAP), 2009 WL 2778106, * 5 (D.N.J. 2009). Factors to be considered in a constructive discharge case, known as the "*Clowes* factors", include: (1) a threat of discharge; (2) suggestions or encouragement of resignation; (3) a demotion or reduction of pay or benefits; (4) involuntary transfer to a less desirable position; (5) alteration of job responsibilities; and (6) unsatisfactory job evaluations. Clowes v. Allegheny

6

Valley Hosp., 991 F.2d 1159, 1162 (3d Cir. 1993).[10] Setting aside the fact that Plaintiff has failed to set forth any facts or argument sufficient to satisfy a hostile work environment claim (which presumably would have assisted in establishing "outrageous" working conditions), the problems with her constructive discharge claim are more fundamental in that she cannot satisfy any of the *Clowes* factors.

There is no evidence before the Court that Plaintiff received suggestions or encouragement of resignation; or that she was involuntary transferred to a less desirable position; or had her job responsibilities altered. There is no evidence before the Court that Plaintiff was threatened with discharge, or *was demoted* or suffered a reduction of pay or benefits. On the contrary, it is undisputed that no one from Chico's suggested that Plaintiff should resign; rather "when [Shaffer] told Plaintiff that [she] was not going to make it," Plaintiff understood Shaffer was talking about the goals and objectives, not about Plaintiff's job as a store manager. (56.1 ¶ 51). Plaintiff's purported new fact (which she does not mention in her opposition but rather lists in her 56.1 statement) avers that "Shaffer plainly told Plaintiff that this was not going to be her position as of September 4, 2009." (Pl. 56.1 ¶51[11]). This new fact relates to Plaintiff possibly becoming an assistant

---

[10] The Third Circuit has affirmed summary judgment in instances where a plaintiff has failed to demonstrate one or more of the *Clowes* factors. See, e.g., Clegg v. Falcon Plastics, Inc., et al., 174 Fed. Appx. 18, 27 (3d Cir.2006).

[11] Incorrectly numbered by Plaintiff as ¶ 49.

7

manager if she was unable to meet her performance improvement plan. (A56.1 ¶ 76). This is neither a threat to discharge nor an actual demotion.

The closest Plaintiff comes to satisfying any *Clowes* factor is her receipt of the 30-60-90 performance plan with goals and objectives. However, being placed on a performance plan – and not finishing the plan of her own accord – cannot by itself support a finding that Plaintiff was subjected to an adverse employment action, much less constructive termination. See Cole v. Illinois, 562 F.3d 812, 817 (7th Cir. 2009). An adverse employment action is a "significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing significant change in benefits." Burlington Indus. v. Ellerth, 524 U.S. 742, 761, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998). A performance improvement plan alone cannot constitute an adverse employment action absent changes to pay, benefits or employment status. See Haynes v. Level 3 Communications, LLC, 456 F.3d 1215, 1224 (10th Cir. 2006).[12]

Here, Plaintiff proffers no evidence that could support a finding that she suffered any change in employment status, much less a significant change, as a

---

[12] See also, Cole v. Illinois, 562 F.3d at 817 (finding that an improvement plan cannot constitute adverse employment action where it did not deprive employee of responsibility, hours or pay); Givens v. Cingular Wireless, 396 F.3d 998, 998–999 (8th Cir. 2005) (noting that placement on employee improvement plan is actionable only if later used to detrimentally alter terms and conditions of plaintiff's employment).

8

result of the performance plan.[13] Even assuming Shaffer told her she would be demoted if she did not satisfy the plan, there is no evidence that she actually *was demoted* or suffered any reduction in pay or benefits. Further, it is undisputed that:

- Attached to a Record of Associate Contact [written counseling] ("ROAC") was a Goals and Objectives Form setting forth a 30-60-90-day performance plan to achieve by September 2009, and Plaintiff did not dispute anything set forth therein. (56.1 ¶ 26);

- Plaintiff does not dispute the validity of the ROAC statistics. (56.1 ¶ 22);

- Shaffer placed many other store managers in her district, some much younger than Rodier, on similar 30-60-90-day performance plans, and gave many store managers (again, many of whom were younger than Rodier) ROACs for unsatisfactory performance. (56.1 ¶¶ 30, 35);

- Plaintiff "has no idea" if Shaffer gave other store managers Goals and Objectives Forms because she "doesn't concern [her]self with other people." (56.1 ¶ 36);

- Plaintiff confirmed "[her] store itself did not produce well. That is a given. It is no longer there." (56.1 ¶ 37);

- Had Plaintiff been the district sales manager overseeing her own store, she would have provided counseling to improve the store and its numbers. (56.1 ¶ 41);

- Plaintiff does not think she would have received another ROAC if she had met the goals and objectives by the end of the three-month plan. (56.1 ¶ 44);

- Plaintiff voluntarily resigned (56.1 ¶ 49);

---

[13] Plaintiff's conclusory assertion (not supported by any admissible evidence) that she "saw the handwriting on the wall" does not turn a common performance improvement procedure into an adverse employment action (especially since there is no viable claim for hostile work harassment based on age here).

- Shaffer has had other store managers on day 75 of the 90 day performance plan turn their performance around and be successful. (56.1 ¶ 50).

- Shaffer did not have the power alone to terminate Plaintiff had the situation come to that point. (56.1 ¶ 52);

- Plaintiff "loved [her] job" (56.1 ¶ 67); and,

- Although Plaintiff knew about Chico's harassment, discrimination, open door and hotline policies, she never made a complaint or complained of any mistreatment by anyone including Shaffer or Marggraf. (56.1 ¶ 69-75).

Although all the above undisputed facts together establish there is no constructive termination here, with respect to the *Clowes* factors, Defendants underscore that (1) Plaintiff did not think she would have received another ROAC had she met the goals and objectives by the end of the three-month plan (56.1 ¶ 44); and (2) Shaffer had other store managers on day 75 of the 90-day performance plan turn their performance around and be successful (56.1 ¶ 50). Plaintiff admits that had she met the goals and objectives, the discipline would have ended; and it is undisputed that other managers satisfied their plans late in the process and became successful. The only facts arguably coming close to meeting a *Clowes* factor (receipt of the performance plan and the possibility of demotion) are not objectively so unpleasant or difficult that a reasonable person would have felt compelled to resign.[14]

---

[14] Indeed, the fact that Plaintiff remained at her job after receiving counseling from DeAngelis and Gourley (who did not discriminate against her) which was similar

10

    b) <u>Plaintiff Was Replaced By Someone Near Her Age</u>

Plaintiff failed to oppose Defendants' argument that she was replaced by someone near her age (fourth prong). As earlier stated, the Court should grant summary judgment or rule that Defendants' material facts applicable to this argument are undisputed and deemed admitted. Fed.R.Civ.P. 56(e).

   **3.** **There Is No Inference Of Age Discrimination Or Pretext**

Plaintiff concedes that "Defendants have articulated a legitimate nondiscriminatory reason for its adverse employment action against Plaintiff by producing evidence that Store 550 was not performing well." (Pl.'s Opp., p. 9). Thus, the remainder of this Reply will focus on pretext.

    a) <u>Plaintiff's Reliance On Speculation And Conclusions Dooms Her Pretext Arguments</u>

Plaintiff uses the same facts supporting her assertion that she possesses direct evidence of discrimination to support her assertion that her evidence of pretext is not based on speculation or conclusions. However, it is undisputed that Plaintiff "can't remember the exact terminology" and is "paraphrasing." (56.1 ¶ 57). As set forth in footnote 5, Plaintiff did not testify that Shaffer told Plaintiff to "look younger," rather Plaintiff testified that she *inferred* this from another statement made. Although she "has no idea" if Shaffer gave other store managers

---

to Shaffer's counseling further confirms that the workplace was not objectively unpleasant or difficult at any time. (See 56.1 ¶¶ 5, 9, 10, 11, 12).

11

Goals and Objectives Forms because she "doesn't concern [her]self with other people" (56.1 ¶ 36), she speculates that she was singled out because of her age. When she voluntarily resigned, Plaintiff merely "felt" that age discrimination was "… where it was heading …" (56.1 ¶ 53). When asked whether she would have received an ROAC (on the day of her resignation) if she were younger given her store's poor performance, Plaintiff replied: "[i]t's hard to say … I don't know …" (56.1 ¶ 24). Although Plaintiff does not know who became the store manager at her store after she resigned (56.1 ¶ 54), she speculates that she was replaced by someone younger (it is undisputed the store manager who replaced Plaintiff was in her fifties). (56.1 ¶ 55).

After asserting her pretext arguments are not based on speculation or conclusions, Plaintiff alleges that pretext exists because Store 550 was "doomed to fail," and she should have been transferred to another store. There is no evidence in this case that Store 550 was "doomed to fail" or a store manager position was open where Plaintiff could have transferred (or that she requested a transfer and was denied).[15] Moreover, Plaintiff cannot establish pretext by now challenging the underlying decisions which led to her ongoing counseling. See Warner v. Fed. Express Corp., 174 F. Supp. 2d 215, 222-23 (D.N.J. 2001) ("To avoid summary

---

[15] Even assuming Store 550 failed on account of the economic woes of Atlantic City, that is not evidence of Defendants' discriminatory animus, especially where, as here, Plaintiff acknowledges her Store was not performing well or meeting Chico's (or her own) expectations. (56.1 ¶¶ 9, 22, 37, 41).

12

judgment, Plaintiff must do more than argue that defendant's explanations should not be believed"); Silvestre v. Bell Atl. Corp., 973 F. Supp. 475, 483 (D.N.J. 1997) (subjective perception of own performance insufficient to create issue of fact adequate to survive summary judgment), aff'd, 156 F.3d 1225 (3d Cir. 1998).[16]

Finally, Plaintiff asserts that because "overnight" she went from "an exemplary employee" to an employee who was not able to run a single store is evidence of pretext. On the contrary, the undisputed facts confirm:

- Plaintiff knew her store "did not produce well." (56.1 ¶ 37);

- Plaintiff acknowledged her store had ongoing issues for which she had been counseled by three separate district managers, two of whom did not discriminate against her. (56.1 ¶¶ 3,5,9,10,11,12,13,14,17-23,26,27,29,37,38,39,40,45-47);

- Had Plaintiff been the district sales manager, she would have counseled the Pier store. (56.1 ¶ 41);

- Plaintiff never made a complaint of discrimination, harassment or retaliation, or complained of any mistreatment by Shaffer or Marggraf. (56.1 ¶ 75);

- Shaffer counseled other store managers for performance. Plaintiff has no idea if Shaffer gave other store managers Goals and Objectives Forms. (56.1 ¶¶ 35,36); and,

- Shaffer's June 12, 2009 email to all store managers in her district was critical of several managers, including those significantly younger

---

[16] Plaintiff's feelings, speculation, and perceptions about what allegedly happened are insufficient to establish pretext. Boykins v. Lucent Techs., Inc., 78 F. Supp. 2d 402, 413 (E.D. Pa. 2000); Jordan v. AllGroup, 218 F. Supp. 2d 643, 651 (D.N.J. 2002), aff'd, 95 Fed. Appx. 462 (3d Cir. 2004) (granting summary judgment to defendant where plaintiff could not point to any evidence beyond mere speculation, conclusory accusation, and suspicions).

13

than Plaintiff (one was 26 years old). (56.1 ¶¶ 32,33,34).

Even if Plaintiff received above-average performance assessments years before she resigned, this "fact" does not establish pretext in light of Plaintiff's acknowledged later performance issues. Because the subpar performance which gave rise to the 30-60-90 performance plan occurred well after any earlier performance assessment, the fact that she once received a good performance assessment cannot establish pretext as a matter of law. Kremp v. Wachovia Bank, N.A., 2010 WL 4004481 (D.N.J., 2010). Moreover, Plaintiff's failure to complain of alleged harassment or discrimination further dooms her pretext argument. See e.g., Centeno v. Macy's Corporate Services, Inc., No. 07-CV-1199 (RMB), 2008 WL 2684578, at *2 (D.N.J. June 30, 2008) (summary judgment granted to defendant where "[d]uring the entire span of performance, coaching and counseling, Plaintiff never complained to [her supervisors] or anyone else at Macy's that she was being discriminated against or singled out ..."). Plaintiff's "evidence" falls woefully short of establishing that her age had a *determinative influence* on Defendants' alleged conduct.

### b) Plaintiff's Opposition Does Not Address Stray Remarks Or Similarly Situated Employees

Plaintiff does not address Defendants' argument that Shaffer's comments are stray remarks. It is undisputed that Shaffer did not have the power alone to terminate Plaintiff had the situation come to that point. (56.1 ¶ 52). As such,

14

Shaffer's "younger" comments are nothing more than "stray remarks" which are insufficient to establish pretext and age discrimination. See Ezold v. Wolf, Block, Schorr & Solis-Cohen, 983 F.2d 509, 545 (3d Cir. 1992) ("Stray remarks by non-decisionmakers or by decisionmakers unrelated to the decision process are rarely given great weight...."); Lincoln v. Momentum Sys. Ltd., 86 F.Supp.2d 421, 432 (D.N.J.2000) (supervisor's comment that they are "typically looking for people who are kind of fresh and young," was stray remark that did not raise reasonable inference of age discrimination).[17] These remarks made before and unrelated to any alleged adverse employment action should not be given any weight.

Finally, Plaintiff does not address Defendants' argument that similarly situated managers were treated the same as Plaintiff and, thus, she cannot establish pretext on this basis, either. See Brokenbaugh v. Exel Logistics N. Am., 174 Fed. Appx. 39, 46 (3d Cir. 2006) (no pretext where employees who did not engage in same misconduct as plaintiff were not "similarly situated").

## II.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that their motion

---

[17] In Kremp v. Wachovia Bank, N.A., 2010 WL 4004481 (D.N.J., 2010) (defendant's NJLAD age discrimination claim dismissed on summary judgment), a supervisor's comments that "Maybe one of the younger leaders can do what you can't," "You're a dinosaur around here and there's a target on your back," and "You better find out what your younger leader peers are doing" did not support pretext because comments were made before an adverse employment action and did not refer to the question whether the employee should be retained or fired.

15

for summary judgment be granted in its entirety and that all claims be dismissed with prejudice, or partial summary judgment be granted as to certain claims and those claims be dismissed with prejudice.

Date: New York, New York
     May 13, 2013

DUANE MORRIS LLP
1540 Broadway
New York, New York 10036
(212) 692-1000

By: s/ *[signature]*

Anthony J. Rao (Admitted Pro Hac Vice)
Michael Tiliakos
1540 Broadway
New York, New York 10036
Attorneys for Defendants

16